UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:08-cr-38-01 SEB-KPF |
| vs. | ) | |
| | ) | |
| REGINALD SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE**
(Docket No. 31)

Defendant seeks to have excluded at trial the Government's proferred § 404(b) evidence relating to a 911 emergency call to the Indianapolis Metropolitan Police Department dispatch center on December 12, 2007, reporting the sound of gunfire in the vicinity where Defendant was subsequently encountered and apprehended by police. He also seeks to have excluded evidence of the discovery of spent shell casings found in an alley near where he was arrested and evidence linking those casings to the firearm which Defendant was observed by police to possess and then let fall to the ground just prior to his apprehension.

Defendant's primary concern, as expressed in his motion, is that the evidence could suggest that it was he who fired the shots from the firearm shortly before he was arrested, which would be "extremely prejudicial to Mr. Smith." (Def. Memo/Law, p.

1

2.) Alternatively, Defendant seeks to have the evidence excluded pursuant to Rule 403 because the danger of unfair prejudice substantially outweighs the probative value of the evidence.

The Government opposes Defendant's Motion in Limine on the grounds that the evidence which Defendant references and seeks to have excluded is inextricably intertwined with the facts necessary to prove the essential elements of the charged offense.

Defendant is charged with unlawful possession of a .30 caliber carbine rifle, having been a previously convicted felon. In order to permit a jury to find him guilty beyond a reasonable doubt, the Government must establish that Smith possessed the referenced firearm, that he had previously been convicted of a felony, and that the firearm traveled in interstate or foreign commerce before Smith possessed it. *United States v. Ortiz*, 474 F.3d 976, 982 (7th Cir. 2008). "For purposes of 18 U.S.C. § 922(g)(1), [t]he term 'firearm' means (A) any weapon (including a starter gun) which will or is designed or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon . . . ." *United States v. Hayes*, 919 F.2d 1262, 1264 (7th Cir. 1990). As the Government notes, its obligation at trial is to prove to the jury "that Smith knowingly possessed an object which functioned, was designed to function, or could readily be converted to function as a

firearm." (Govt. Resp, p. 5.)

The facts surrounding Defendant's alleged possession of the firearm include that, after being approached by police officers, Smith dropped the firearm, causing it to break into several pieces. Spent shell casings which matched the firearm were recovered in a nearby alley not far from the place where Smith was apprehended and also in close proximity to the scene of the reported firing of gunshots. Arguably, the spent casings came from this weapon which was fired while Smith was in possession of it. As such, the evidence of the reported shots and the discovery of the spent shell casings is directly probative of the issue of whether Smith knowingly possessed the firearm which, in fact, functioned as a firearm.

In addition, though not specifically referenced in the motion in limine (though it was specifically raised in the accompanying motion to suppress), we shall address whether Defendant's statement to police officers made at the time of his apprehension should be excluded. More specifically, Smith allegedly told officers that he was a member of a street gang and had just been chased by two members of a rival drug gang in their car and they were shooting at him as part of an ongoing turf war between the gangs. He identified by name his rivals and the car they were driving and the location of the shots that had been fired at him. These statements, if they are not

suppressed,[1] arguably might come within the protections sought in Defendant's motion in limine. Accordingly, we shall address them here in that context.

We are informed that Defendant intends to put the Government to its proof with regard to the issue of whether the .30 caliber carbine rifle is a firearm. In addition, as noted previously, the Government must prove beyond a reasonable doubt that Smith knowingly possessed the firearm, knowing it to be such.

We conclude, therefore, that the Government may present to the jury evidence of the 911 call reporting that shots had been fired, of the police officer's response to that report, of the officer's sighting of Defendant on the porch holding a firearm, of the officer's approach to, encounter with and eventual apprehension of the Defendant, of the statements made by Defendant, assuming they are not suppressed in a separate ruling prior to trial, of the retrieval of the spent shell casings and the location where they were found, and of the expert testimony matching the casings to the firearm which was in Defendant's possession which prompted his being taken into custody. In addition, the Government may offer into evidence the ammunition taken from Defendant's person in connection with a pat down search incident to arrest.

This is permissible 404(b) evidence, admissible to show opportunity, intent,

---

[1] The motion to suppress is not fully briefed and therefore we have not ruled on the issues raised therein.

knowledge, identity, or absence of mistake.  We also find that the above-referenced evidence is direct evidence of one or more of the essential elements of the charged offense and/or is inextricably intertwined with the charged offense, in that it explains the circumstances surrounding the charged offense and tends to prove the essential elements of the knowing possession of a firearm.  The evidence also explicates the chronology of events.  Similarly, Defendant's statements and his possession of the ammunition found in his pockets are both probative of the essential elements (ie, his knowledge and his possession) and are inextricably intertwined with them (i.e., explaining the events leading up to and related to his possession of the firearm).  All together, the evidence supports a proper inference or conclusion which the jury could reach that Smith had continuing possession and use of the weapon prior to his encounter with the police and that, perhaps, he was the one shooting it in a nearby alley immediately prior to their arrival.

We also hold that the prejudicial effect of this proffered evidence does not outweigh its probative value, pursuant to Rule 403, with the exception of the evidence that Smith was found to be in possession of <u>controlled substances</u> in his pockets when the police conducted the pat down search of his person.  This evidence of his possession of crack cocaine and marijuana would be prejudicial to Smith's defense to a degree that would outweigh its probative value.  Accordingly, the <u>Government is</u>

ordered not to make reference the drugs found on the Defendant's person during and as the result of the police search of his person which occurred incident to his arrest.

IT IS SO ORDERED.

Date: 10/09/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

William E. Marsh
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.marsh@fd.org

Matthew Rinka
UNITED STATES ATTORNEY'S OFFICE
matthew.rinka@usdoj.gov