UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:08-cr-0038-SEB-TAB |
| | ) | |
| REGINALD SMITH, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on September 28, 2016 and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held February 22, 2018, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 22, 2018, defendant Reginald Smith appeared in person with his appointed counsel, Dominic Martin. The government appeared by MaryAnn Mindrum, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The court advised Mr. Smith of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Smith questions to ensure that he had the ability to understand the proceedings and his rights.

2.     A copy of the Petition was provided to Mr. Smith and his counsel, who informed the court they had reviewed the Petition and that Mr. Smith understood the violations alleged.  Mr. Smith waived further reading of the Petition.

3.     The court advised Mr. Smith of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Smith was advised of the rights he would have at a preliminary hearing.  Mr. Smith stated that he wished to waive his right to a preliminary hearing.

4.     The court advised Mr. Smith of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.     Mr. Smith, by counsel, stipulated that he committed Violation Numbers 1 and 2 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

> On September 23, 2016, Reginald Smith was arrested by the Indianapolis Metropolitan Police Department and charged with Dealing Cocaine, Level 2 felony; Possession of Cocaine, level 4 felony; Possession of a Synthetic Drug, A misdemeanor, and Operating a Motor Vehicle Without a License. A narcotics unit detective received information that there was suspected narcotics activity occurring near a business at 1901 North Rural Street, Indianapolis. The offender left the business driving a white Chevy Caprice, and after committing two traffic violations, his vehicle was stopped by police. Located in the vehicle were a bag of suspected cocaine weighing approximately one half ounce; a bag of synthetic marijuana (Spice, K-2), black digital scales; and located on the offender's person, in his pants pockets, was $1,140 in currency.
>
> This case was filed in Marion County Superior Court under cause number 49G211609F2038098. An Initial Hearing was held September 28, 2016; and future hearings were scheduled for a pretrial conference on January 10, 2017, and jury trial on February 14, 2017.

2   **"The defendant shall not commit another federal, state, or local crime."**

> On May 28, 2016, the offender was stopped by a police officer in Greenville, Illinois, for speeding. The officer discovered the offender did not have a valid driver's license. The offender was charged with Driving on a Suspended License, A-misdemeanor, under cause number 2016TR2865. This case was disposed of in Bond County, Illinois, on July 11, 2016, as the offender plead guilty and was sentenced to six months probation and a $320 fine.
>
> The offender was also discovered driving without a license on March 11, 2016, in Marion County, Indiana. He was not criminally charged for this conduct.

6. The court asked Mr. Smith a series of questions to ensure that his decision to admit the violations and to give up his right to hearing was knowing and voluntary.

7. The court placed Mr. Smith under oath and directly inquired of Mr. Smith whether he admitted violations 1 and 2 of his supervised release set forth above. Mr. Smith admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a)   The highest grade of Violation (Violation 1) is a Grade A violation (U.S.S.G. § 7B1.1(a)(2)).

3

    (b)    Mr. Smith's criminal history category is VI.

    (c)    The range of imprisonment applicable upon revocation of Mr. Smith's supervised release, therefore, is 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. Parties jointly recommended a sentence of eighteen (18) months with no supervised release to follow. Defendant requested a recommendation of placement at FCC Terre Haute or a facility close to Indianapolis, Indiana.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, REGINALD SMITH, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. The Magistrate Judge will recommend placement at FCC Terre Haute or a facility close to Indianapolis, Indiana. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Smith stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Smith entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Smith's supervised release, imposing a sentence of imprisonment of eighteen (18) months with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The Magistrate Judge will recommend placement at FCC Terre Haute or a facility close to Indianapolis, Indiana.

IT IS SO RECOMMENDED.

Date: 3/2/2018

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Marshal